UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW LYNCH,

    Plaintiff,

v.                                                                                          Case No. 07-C-903

SHOPKO STORES OPERATING CO., LLC,

    Defendant.

**ORDER**

    Defendant has filed a motion to strike the complaint and amended complaint on the grounds that both fail to set forth a "short and plain statement of the claim," in violation of Fed. R. Civ. P. 8(a). Although plaintiff has not yet had a chance to respond, I am satisfied by my review of the plaintiff's filings that the defendant is entitled to relief.

    I first note that the amended complaint violates an explicit requirement found in Civil Local Rule 15.1: "Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." The amended complaint would thus be dismissed for that reason alone.

    As for the larger question of the plaintiff's allegations, it is clear that his expansive filings fail to follow both the letter and spirit of Rule 8. A complaint is intended to get the ball rolling and to give the defendant general notice of the nature of the plaintiff's allegations. "There is no need for detailed factual allegations," *Conley v. Gibson,* 355 U.S. 41, 47 (1957), and in fact the Seventh Circuit has found that "Rule 8(a)(2)'s 'short and plain statement of the claim' must contain a minimal level of factual detail, although that level is indeed very minimal." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 779 (7th Cir. 2007). "[T]he plaintiff pleads claims, not facts

or legal theories. . . . Factual detail comes later--perhaps in response to a motion for a more definite statement . . . perhaps in response to a motion for summary judgment." *Vincent v. City Colleges of Chicago,* 485 F.3d 919, 923 (7th Cir. 2007).

Why penalize a plaintiff for pleading too much? An excess of detail can force the defendant to admit or deny numerous assertions without the benefit of the time or investigation that the plaintiff has had to prepare his own complaint. Moreover, the filing of such extensive pleadings can lead to expenditures and filings that will only be duplicated in later stages of the litigation. Moreover, the mere filing of a complaint can sometimes effectuate settlement negotiations, which may prove impossible if the defendant is forced essentially to mount a full defense by the time his answer is due in as little as twenty days. The defendant, in sum, has a right to insist that the litigation proceed at the pace and under the process dictated by the Federal Rules, and he need not be forced to drop everything merely because the plaintiff has chosen to file a very wordy complaint.

These concerns become more concrete upon examination of the complaint filed in this case. Much of the complaint reads like a plaintiff's brief-in-chief on summary judgment, propounding numerous legal arguments based on facts that will no doubt be disputed. Requiring a response to each of the plaintiff's numbered paragraphs would be both wasteful and unfair at this stage of the proceedings. A typical breach of contract allegation can be set forth in as few as three or four sentences; surely seventy-nine paragraphs are not required. Accordingly, rather than striking various of the offending paragraphs as being unnecessary and cluttered, the complaint and amended complaint will be dismissed without prejudice for failure to comply with Rule 8 and Civil Local Rule 15.1.

A second issue arises upon examination of the complaint. This is a breach of contract action, with federal jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332. The

plaintiff is a Wisconsin citizen, while the defendant is a Delaware corporation. For diversity purposes, however, corporations are deemed citizens both of their state of incorporation as well as the state in which their principal place of business lies, *Pastor v. State Farm Mut. Auto. Ins. Co.,* 487 F.3d 1042, 1047 (7th Cir. 2007), the idea being that a corporation with a large presence in a given state will not suffer any "outsider" prejudice if haled into one of its district courts. I take judicial notice that Shopko is a well-known Green Bay-based business, and in fact the complaint alleges that its corporate headquarters are located at 700 Pilgrim Way, Green Bay. It may be that the change in control that gave rise to this complaint somehow affected the location of Shopko's principal place of business, but that appears questionable if its corporate headquarters is still located here. *Krueger v. Cartwright,* 996 F.2d 928, 931 (7th Cir. 1993) ("This circuit defines principal place of business as the place where the corporation has its nerve center.") Though the matter is not resolvable upon the motion before me, subject matter jurisdiction is a matter the plaintiff and defendant should revisit at the earliest possible time so as to avoid, if possible, a mini-trial over jurisdiction; given the concerns expressed above, any amended complaint filed in this court must set forth a more detailed jurisdictional statement.

The motion to strike is **DENIED**, but the complaint and amended complaint are **DISMISSED** without prejudice; the plaintiff may file a second amended complaint in accordance with this decision within 21 days of the date of this order.

**SO ORDERED** this   11th   day of December, 2007.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge